NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0261n.06
Filed: April 14, 2006

No. 05-3358

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| VIOLLCA ZOGU and AGRON ZOGU, | ) | |
| | ) | |
| Petitioners, | ) | On Petition for Review of |
| | ) | Decision of Board of |
| v. | ) | Immigration Appeals |
| | ) | |
| ALBERTO R. GONZALES, United States | ) | |
| Attorney General, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

BEFORE:     MERRITT, MARTIN and McKEAGUE, Circuit Judges.

**PER CURIAM.** Petitioners Viollca Zogu and her husband Agron Zogu, citizens of Albania, petition the court under 8 U.S.C. § 1252(a) for review of a final decision of the Board of Immigration Appeals. The Board's order, issued on March 1, 2005, affirms without opinion the October 6, 2003 decision of the Immigration Judge, denying their applications for asylum and withholding of removal and ordering their removal from the United States to Albania.

Petitioners entered the United States on February 20, 2001 and requested asylum. They contend they suffered persecution in Albania because of their involvement with the Democratic Party. They contend they have a well-founded fear of future persecution on account of their political activities if they return to Albania.

The Immigration Judge determined that petitioners had failed to carry their burden of proof. The transcript of his oral decision occupies 34 pages. In it the Immigration Judge noted that petitioners' witnesses' testimony lacked crucial corroboration. He also identified numerous discrepancies and inconsistencies in the evidence presented, which contributed to his finding that petitioners were not credible. Even if petitioners were deemed credible, the Immigration Judge concluded that the hardships they experienced did not rise to the level of "past persecution." Moreover, to the extent petitioners could be deemed to have suffered past persecution, giving rise to a rebuttable presumption that they have a well-founded fear of future persecution, the Immigration Judge concluded that respondent had rebutted the presumption by demonstrating that conditions in Albania have changed and that the threat of political persecution has been minimized since petitioners came to the United States.

Petitioners insist the Immigration Judge did not fairly evaluate the evidence, that he drew unwarranted inferences, and that his decision is not supported by substantial evidence on the whole record. We disagree. Having carefully considered the Immigration Judge's decision in light of the record, the parties' briefs, and the applicable law, we find no error. The Immigration Judge explained the reasons for his adverse credibility determinations and petitioners have failed to demonstrate that a reasonable factfinder would be compelled to reach a contrary conclusion. Further, we find the conclusion that petitioners failed to carry their burden of demonstrating that they have a well-founded fear of future persecution on return to Albania is supported by substantial evidence. Particularly lacking is evidence supporting the required "objective component" of petitioners' claim, *i.e.*, evidence establishing the existence of an "objective situation" in Albania

under which petitioners' fear that they will be targeted for persecution on account of political opinion or activities (rather than fear of general conditions of violence) can be deemed reasonable. *See Gilaj v. Gonzales*, 408 F.3d 275, 283-84 (6th Cir. 2005); *Pilica v. Ashcroft*, 388 F.3d 941, 954-55 (6th Cir. 2004).

Because we find the reasoning articulated by the Immigration Judge is supported by substantial evidence and properly addresses the issues now raised by petitioners, we conclude that issuance of a detailed written opinion by this court would serve no useful purpose.  Accordingly, the final decision of the Board of Immigration Appeals dated March 1, 2005, affirming the decision of the Immigration Judge, is hereby **AFFIRMED** on the basis of the analysis contained in the Immigration Judge's decision.  Petitioners' petition for judicial review is **DENIED.**